IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM HARDIN, | § | |
| | § | |
| Defendant Below, | § | No. 10, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1307010850 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 22, 2018
Decided: March 12, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

The appellant's opening brief, the appellee's motion to affirm, and the record below reflect that:

(1) The appellant, William Hardin, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Hardin's opening brief that his appeal is without merit. We agree and affirm.

(2) On January 15, 2014, Hardin pled guilty to Driving Under the Influence. This was Hardin's fifth DUI offense. The Superior Court immediately sentenced Hardin to five years of Level V incarceration, with credit for seven days

previously served, suspended after eighteen months for one year of Level III probation. Hardin was required to complete drug and alcohol abstinence and treatment programs. On March 13, 2015, Hardin's sentence was modified to add Transdermal Alcohol Device monitoring and zero tolerance for alcohol conditions.

(3) In January 2016, a capias was issued for Hardin's first VOP based on a new charge of Public Intoxication. The capias was returned in January 2017. On February 10, 2017, the Superior Court found Hardin violated his probation. The Superior Court sentenced Hardin, effective January 25, 2017, to three years and six months of Level V incarceration, suspended immediately for decreasing levels of supervision.

(4) In September 2017, Hardin was charged with another VOP. The VOP report alleged that Hardin failed to report to probation on August 31, 2017, September 7, 2017, and September 14, 2017. The report also alleged that Hardin failed to report his change of residence within seventy-two hours and violated the zero tolerance of alcohol condition in his sentence. The VOP hearing was originally scheduled in October 2017, but Hardin failed to appear.

(5) On December 8, 2017, the Superior Court found that Hardin violated his probation. The Superior Court sentenced Hardin, effective November 28, 2017, to three years and three months of Level V incarceration, with credit for ten days

previously served, suspended after one year for decreasing levels of supervision. This appeal followed.

(6) In his opening brief, Hardin does not dispute that he violated his probation. Hardin argues that his VOP sentence is too long for a "technical" violation, is longer than his original sentence, and exceeds the sentencing guidelines.[1] Hardin also describes the treatment he received in the fall of 2017.

(7) Once Hardin committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[2] Hardin's original sentence was five years of Level V incarceration, not three years as he claims in his opening brief. At the time Hardin was sentenced for his second VOP on December 8, 2017, he had served less than twenty-one months of his original sentence. The December 8, 2017 VOP sentence (three years and three months of Level V incarceration, suspended after one year) did not exceed the Level V time remaining on Hardin's original sentence.

(8) As to Hardin's claim that his VOP sentence exceeded the Sentencing Accountability Commission's guidelines, "departure from the guidelines is not a basis to overturn a sentence within the statutory limits."[3] Hardin's dismissal of his

---

[1] Opening Brief at 4.
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[3] *Barrett v. State*, 2015 WL 4510717, at *2 (Del. July 23, 2015) (citing *Siple v. State*, 701 A.2d 79, 83 (Del. 1997)).

3

violation of the zero tolerance for alcohol condition as merely technical is unpersuasive in light of his DUI conviction.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is granted and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

4